IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC WATERMAN, | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| SPX FLOW, INC., ROBERT HULL, MAJDI ABULABAN, ANNE ALTMAN, PATRICK CAMPBELL, MARC MICHAEL, JONATHAN PRATT, SUZANNE ROWLAND, DAVID SINGER, and SONYA ROBERTS, | : **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On December 12, 2021, SPX Flow, Inc. ("SPX Flow" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by LSF11 Redwood Acquisitions, LLC ("Parent") and Redwood Merger Sub, Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, SPX Flow's stockholders will receive $86.50 in cash per share.

3. On February 1, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of SPX Flow common stock. Plaintiff is a resident of this District.

9. Defendant SPX Flow is a Delaware corporation. SPX Flow's common stock is traded on the NYSE under the ticker symbol "FLOW."

10. Defendant Robert Hull is Chairman of the Board of Directors of SPX Flow (the "Board").

11. Defendant Majdi Abulaban is a member of the Board.

12. Defendant Anne Altman is a member of the Board.

13. Defendant Patrick Campbell is a member of the Board.

14. Defendant Marc Michael is President, Chief Executive Officer, and a member of the Board.

15. Defendant Jonathan Pratt is a member of the Board.

16. Defendant Suzanne Rowland is a member of the Board.

17. Defendant David Singer is a member of the Board.

18. Defendant Sonya Roberts is a member of the Board.

19. Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

20. SPX's product offering is concentrated in process technologies that perform mixing, blending, fluid handling, separation, thermal heat transfer, and other activities that are integral to processes performed across a wide variety of nutrition, health, and precision solutions markets

21. On December 12, 2021, SPX Flow entered into the Merger Agreement.

22. The press release announcing the Proposed Merger provides as follows:

SPX FLOW, Inc. (NYSE: FLOW), a leading provider of process solutions for the nutrition, health and industrial markets, announced today it entered into an agreement to be acquired by an affiliate of Lone Star Funds ("Lone Star") in an all-cash transaction valued at $3.8 billion, including the assumption of debt.

The purchase price represents a premium of nearly 40% over SPX FLOW's closing stock price on July 16, 2021, the last trading day prior to the publication of an article in the July 19, 2021, edition of The Wall Street Journal stating that the Company received an unsolicited purchase offer. []

Transaction Details

The transaction was unanimously approved by the SPX FLOW Board of Directors and is expected to close in H1 2022, subject to receipt of certain regulatory approvals, including expiration or termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act, as well as SPX FLOW shareholder approval and other customary closing conditions. The transaction is not subject to a financing condition.

Upon completion of the transaction, SPX FLOW will become a privately held company and SPX FLOW's shares will no longer trade on The New York Stock Exchange.
As a condition to the transaction, SPX FLOW has agreed to suspend payment of its quarterly dividend, effective immediately.

Advisors

Morgan Stanley & Co. LLC is serving as exclusive financial advisor to SPX FLOW and Winston & Strawn LLP is serving as its legal advisor. Citi, RBC Capital Markets, LLC, and BofA Securities Inc. are serving as financial advisors to Lone Star, and Gibson, Dunn & Crutcher LLP and Kirkland & Ellis LLP are serving as legal advisors.

23. On February 1, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

### Financial Projections

24. The Proxy fails to disclose material information regarding SPX Flow's financial projections, specifically: the line items underlying the financial projections.

### Financial Analyses

25. The Proxy fails to disclose material information regarding the financial analyses conducted by Morgan Stanley & Co. LLC ("Morgan Stanley").

26. Regarding Morgan Stanley's Equity Research Analyst Price Targets analysis, the Proxy fails to disclose: (i) the price targets utilized by Morgan Stanley; and (ii) the sources of the price targets.

27. Regarding Morgan Stanley's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the unlevered free cash flows utilized by Morgan Stanley; (ii) the terminal values utilized by Morgan Stanley; (iii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Morgan Stanley; and (iv) the fully diluted shares utilized by Morgan Stanley.

28. Regarding Morgan Stanley's Discounted Equity Value Analysis, the Proxy fails to disclose: (i) the inputs and assumptions underlying the discount rate utilized by Morgan Stanley; and (ii) the fully diluted shares utilized by Morgan Stanley.

29. Regarding Morgan Stanley's Precedent Transactions Analysis, the Proxy fails to disclose the individual multiples for the transactions utilized by Morgan Stanley.

30. Regarding Morgan Stanley's Precedent Premia Analysis, the Proxy fails to disclose: (i) the transactions utilized by Morgan Stanley; and (ii) the premia paid in the transactions utilized by Morgan Stanley.

<u>Banker Engagement</u>

31. The Proxy fails to disclose the timing and details of the prior services Morgan Stanley provided to the parties to the Merger Agreement and their affiliates.

## COUNT I

**Claim Against the Individual Defendants and SPX Flow for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

32. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in

light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

34. SPX Flow is liable as the issuer of these statements.

35. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

36. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

38. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

39. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

40. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

41. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

42. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of SPX Flow within the meaning of Section 20(a) of the Exchange Act as alleged herein.

44. Due to their positions as officers and/or directors of SPX Flow and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

47. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

48. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

50. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

51. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: February 11, 2022

**GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*